Appeal by defendants from a judgment of the Supreme Court entered in St. Lawrence County, upon the verdict of a jury in an action brought to recover damages for wrongful death. On July 19, 1956, at about 4:30 p.m., plaintiff’s intestate was riding on a motorcycle in a westerly direction on a highway known as Middle Road, and was approaching a point where Middle Road merges with another highway known as Dennison Road. There was a “ Stop Sign ” on the north shoulder of Middle Road 152 feet easterly from the pavement edge of Dennison Road and 67 feet easterly from a triangular concrete apron existing at the junction of the two roads. A short distance westerly from the stop *934 sign was a private driveway, obscured by brush and foliage, extending to the north from Middle Road to a place where defendants were “ stockpiling ” sand and gravel. Defendants’ dump truck emerged from this driveway and struck plaintiff’s intestate, causing his death. Appellants do not question the negligence of the defendant truck driver, but urge that plaintiff’s intestate was guilty of contributory negligence as a matter of law, or that a jury finding that he was not negligent was contrary to the weight of evidence. There is undisputed evidence that plaintiff’s intestate was proceeding at 15 or 20 miles per hour on his own side of the road. There is evidence that he looked to his left, apparently to observe traffic conditions on Dennison Road which he was approaching, shortly before the collision. It is certainly not negligence as a matter of law to momentarily look to the left when approaching an intersection. Contributory negligence was clearly a factual question for the jury on the record, and the verdict is not against the weight of evidence. The charge of the court to the effect that the stop sign was not to control traffic at the private driveway and did not require plaintiff’s intestate to stop at that point, was correct. We do not think plaintiff’s counsel exceeded the bounds of fair argument in his opening or summation. Moreover, the remarks claimed to be objectionable relate solely to the amount of damages, and it is not claimed that the verdict was excessive. Judgment affirmed, with costs.
Foster, P. J., Bergan, Coon and Gibson, JJ., concur.